UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV150-3-MU
(3:99CR109-MU)

| | |
|---|---|
| **FRANCISCO CURBELO,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1 ) filed April 6, 2009. For the reasons stated herein, Petitioner's Motion to Vacate will be denied and dismissed.

**I. PROCEDURAL HISTORY**

The record reveals that on November 19, 2004 a jury convicted Petitioner of conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846, and six counts of possession with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2. Petitioner was sentenced to 180 months imprisonment.[1]

Petitioner appealed his sentence and conviction to the Fourth Circuit Court of Appeals. Petitioner's counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal but raising the question of whether the district court erred

---

[1] On October 24, 2008 the undersigned granted Petitioner's motion to reduce sentence and Petitioner's previously imposed sentence of 180 months was reduced to 145 months

1

in denying Petitioner's motion to dismiss the indictment based upon the destruction of drug evidence before his retrial. Petitioner filed a pro se supplemental brief raising nineteen issues. The Fourth Circuit affirmed Petitioner's conviction and sentence in an unpublished decision on July 9, 2007. The Court noted that in accordance with Anders, it had reviewed the record for any meritorious issues and found none. The Court also explained that it carefully reviewed and considered the Petitioner's additional claims raised in his pro se supplemental brief and found them to be without merit. United States v. Curbelo, No. 06-4116 (July 9, 2007). Petitioner filed a petition for writ of certiorari in the Supreme Court of the United States, which was denied on May 27, 2008.

On April 6, 2009 Petitioner filed the instant Motion to Vacate alleging that his counsel was ineffective for (1) failing to call witnesses favorable to his case over his objection; (2) excluding jury members of Petitioner's same race and ethnicity; (3) failing to investigate or prepare an appellate brief favorable to Petitioner; (4) abandoning Petitioner during the direct appeal process; (5) failing to raise a Booker claim; and (6) failing to object to the destruction of drug evidence. Furthermore, Petitioner contends that this Court erred when it denied Petitioner's motion for a change in counsel and the Fourth Circuit erred when it denied counsel's motion to withdraw as counsel.

## II. ANALYSIS

### A. TRIAL COURT ERROR

Petitioner contends that this Court erred by denying his motion for a change in counsel. Petitioner raised this issue as issue number 8 in his pro se supplemental brief in the Fourth Circuit Court of Appeals. In its unpublished decision affirming Petitioner's conviction and sentence, the Fourth Circuit explained that it had carefully considered all of the claims raised in Petitioner's pro se supplemental brief and found them to be without merit. Under the law, it is well settled that in

the absence of a favorable, intervening change in the law, a petitioner simply is not free to re-litigate claims which already were rejected on direct review. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.) cert. denied, 429 U.S. 863 (1976). Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally barred.

### B. FOURTH CIRCUIT ERROR

Next, Petitioner contends that the Fourth Circuit erred when it denied counsel's motion to withdraw as counsel. It is not the province of this Court to review decision's of the Fourth Circuit Court of Appeals. Indeed, this Court is without jurisdiction to consider claims regarding errors of the Fourth Circuit. Therefore, this Court will not consider this issue any further.

### C. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims that his counsel was ineffective for several reasons. First, Petitioner contends that his counsel was ineffective for failing to call witnesses favorable to his case over his objection. Next, Petitioner argues that his counsel excluded jury members of Petitioner's same race and ethnicity. Petitioner also contends that his counsel failed to investigate or prepare an appellate brief favorable to Petitioner and that his counsel abandoned him during the direct appeal process. Finally, Petitioner contends his counsel was ineffective for failing to raise Booker objection and failing to object to the destruction of drug evidence prior to his second trial.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S.

687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983).

Turning to Petitioner's claim that his attorney was ineffective for failing to call witnesses favorable to his case over his objection. First, in his Motion to Vacate, Petitioner does not explain who the favorable witnesses are or what they would have testified to that would have favorable to him. Next, Petitioner raised this issue before the undersigned several times during the course of the trial and the Court determined that counsel's decision regarding the witnesses was a sound tactical decision. On November 15, 2004, Petitioner raised this issue with the undersigned. The Court asked

4

counsel if he had seen a list of witnesses that Petitioner maintained would contradict the Government. Counsel explained that he had seen the list and he had reviewed it with the Petitioner. The Court confirmed that Petitioner's counsel, Aaron Michael, evaluated the list of prospective witnesses for those who were available and could provide admissible evidence and made the decision whether or not to call those witnesses. (Trial Transcript at 107-108.) The Court queried whether Mr. Michael had evaluated Petitioner's motion regarding the witnesses and counsel confirmed that he had and he, in fact, proceeded where there was a basis to do so. (Id. at 109.) The Court then allowed Petitioner to enter his list of items he asked his counsel to do that counsel denied doing so that it could become part of the record. (Id.) A short time later on the same day, Petitioner raised the issue again. (Id. at 201.) The Court, once again, questioned Mr. Michael regarding whether he had gone over the list of potential witnesses with Petitioner. Mr. Michael stated that he had and then specifically explained why Officer Mendoza would not be a favorable witness. The Court then explained to Petitioner that Mr. Michael had made a tactical decision not to call Officer Mendoza. (Id.) On November 17, 2004, Petitioner raised the issue again. (Id. at 355.) The Court noted that this was repetitive but, once again, inquired of Mr. Michael whether he had gone over the list of witnesses his client wished to call and whether he had evaluated whether or not they would be helpful. Mr. Michael confirmed that he had gone over the list and determined the witnesses would not be helpful. (Id. at 355.) On November 18, 2004, Petitioner once again raised the issue specifically with respect to witness Mr. Herrera. (Id. at 627.) Mr. Michael explained that he believed that the evidence Mr. Herrera could testify has already come out, but that he would pursue the arguments Petitioner requested regarding Mr. Herrera in his closing argument. The Court explained to Petitioner that his objection was noted for the record and that the Court had adequately consulted

with Mr. Michael regarding the decision not to call witnesses. (Id.)

As is evident from the above excerpts from the record, it is clear that the Court addressed the Petitioner's concerns regarding potential witnesses with Petitioner's counsel. The Court was and is convinced that Mr. Michael more than adequately represented Petitioner and that his decision not to call the witnesses Petitioner requested was a wise tactical decision. Petitioner has not established either prong of the Strickland test and his claim that counsel was ineffective for failing to call witnesses favorable to his case is denied.

Next, Petitioner argues that his counsel was ineffective for excluding jury members of Petitioner's same race and ethnicity. This claim is totally conclusory and without merit. Petitioner provides no evidence of race discrimination during the jury selection process nor does he include this claim in his brief in support of his claims. Furthermore, Petitioner does not articulate how counsel's actions were deficient or in what way he was prejudiced. Therefore, Petitioner's claim that his counsel was ineffective for excluding jury members of Petitioner's race and ethnicity is denied.

Next, Petitioner contends that his counsel failed to investigate or prepare an appellate brief favorable to Petitioner and that his counsel abandoned him during the direct appeal process. The appellate record establishes that counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal but raising the question of whether the district court erred in denying Petitioner's motion to dismiss the indictment based upon the destruction of drug evidence before his retrial. In Anders, the Supreme Court instructed that when counsel is unable to identify any meritorious issues for appeal, it is appropriate for counsel to file a brief so stating which allows the appellate court to review the entire record. Further, counsel sent Petitioner a copy of the Anders brief and Petitioner was then able to file a pro se supplemental brief

in which he raised nineteen issues for the Court's review. The Fourth Circuit reviewed the entire record, including the nineteen issues raised in Petitioner's pro se supplemental brief and affirmed Petitioner's conviction and sentence.

Petitioner is simply not able to establish that he was prejudiced by counsel's alleged deficiency as he was notified that counsel filed an Anders brief and was permitted to file a pro se supplemental brief in which he raised nineteen issues which the Court considered. Petitioner has not established either prong of the Strickland test and his claim that his counsel was ineffective on appeal for failing to prepare an adequate appellate brief.

Next, Petitioner contends that his counsel was ineffective for failing to object to his sentence pursuant to United States v. Booker, 543 U.S. 220 (2005). In Booker, the Supreme Court held that the Sixth Amendment is violated when a district court imposes a mandatory sentence under the Guidelines that is greater than the maximum authorized by the facts found by the jury alone. Booker also made the Guidelines advisory and their application subject to review for reasonableness.

In sentencing Petitioner, ths Court considered the Guidelines and considered the nature and circumstances of the offense under § 3553(a)(1) and imposed a variance sentence of 180 months incarceration.[2][3] Petitioner has not stated any facts in support of his contention that he was sentenced in violation of Booker and this Court is not aware of any. Petitioner's contention that his counsel was ineffective for failing to object to his sentence pursuant to Booker is conclusory and without merit. Indeed, the Fourth Circuit after conducting a review of the entire record and finding no

---

[2] Petitioner's Guideline sentence would have been 180 to 235 months.

[3] Petitioner's sentence was later reduced to 145 months when the Court granted Petitioner's motion to reduce sentence.

7

meritorious issues on appeal, affirmed Petitioner's conviction and sentence. Petitioner has not established either prong of the Strickland test and his claim that counsel was ineffective for failing to challenge his sentence pursuant to Booker is denied.

Finally, Petitioner contends that his counsel was ineffective for failing to object to the destruction of the drug evidence prior to his second trial. However, as evidenced by Petitioner's appellate counsel's brief, the one issue highlighted by counsel in the Anders brief filed with the Fourth Circuit was whether the district court erred by denying Petitioner's motion to dismiss the indictment based upon the destruction of drug evidence before his retrial. Clearly then, counsel did object to the destruction of the drug evidence before Petitioner's retrial. Such objection was in the form of a motion to dismiss the indictment filed on November 3, 2004 (See 3:99cr109, Doc. No. 207.) The motion to dismiss was also renewed a the close of the Government's case. (Trial transcript at 626.) Indeed, the Fourth Circuit considered this claim and concluded that Petitioner had not established that the evidence was destroyed in bad faith. In so concluding, the Court relied on trial testimony which disclosed that the evidence was deteriorating to the point that it would have contaminated other evidence. United States v. Curbelo, No. 04-5060 (4th Cir., July 9, 2007.)

Therefore, the record is clear that Petitioner's counsel did object to the destruction of drug evidence prior to Petitioner's retrial. Petitioner has failed to establish either prong of the Strickland test and therefore his ineffective assistance of counsel claim with respect to he destruction of the drug evidence prior to his retrial is denied.

### III. ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate is denied and dismissed.

8

**SO ORDERED**.

Signed: May 12, 2009

Graham C. Mullen
United States District Judge