IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv150-3-GCM
(3:99CR109MU)

| | |
|---|---|
| FRANCISCO CURBELO, )<br>)<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATED OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

**THIS MATTER** comes before the Court upon the Petitioner's "Motion to Admit Bail release Hearing Pending the Appellant Habeas Corpus Review, Pursuant to 18 U.S.C. § 3143(b)(A)(B)(iv) or Alternative to Admit Bail Release" filed June 9, 2009 (Doc. No. 355) in his closed criminal case.

The record reveals that on November 19, 2004 a jury convicted Petitioner of conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846, and six counts of possession with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2. Petitioner was sentenced to 180 months imprisonment.[1]

Petitioner appealed his sentence and conviction to the Fourth Circuit Court of Appeals. Petitioner's counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal but raising the question of whether the district court erred

---

[1] On October 24, 2008 the undersigned granted Petitioner's motion to reduce sentence and Petitioner's previously imposed sentence of 180 months was reduced to 145 months

in denying Petitioner's motion to dismiss the indictment based upon the destruction of drug evidence before his retrial. Petitioner filed a pro se supplemental brief raising nineteen issues. The Fourth Circuit affirmed Petitioner's conviction and sentence in an unpublished decision on July 9, 2007. The Court noted that in accordance with <u>Anders</u>, it had reviewed the record for any meritorious issues and found none. The Court also explained that it carefully reviewed and considered the Petitioner's additional claims raised in his pro se supplemental brief and found them to be without merit. <u>United States v. Curbelo</u>, No. 06-4116 (July 9, 2007). Petitioner filed a petition for writ of certiorari in the Supreme Court of the United States, which was denied on May 27, 2008.

On April 6, 2009 Petitioner a Motion to Vacate alleging that his counsel was ineffective for (1) failing to call witnesses favorable to his case over his objection; (2) excluding jury members of Petitioner's same race and ethnicity; (3) failing to investigate or prepare an appellate brief favorable to Petitioner; (4) abandoning Petitioner during the direct appeal process; (5) failing to raise a <u>Booker</u> claim; and (6) failing to object to the destruction of drug evidence. Furthermore, Petitioner argued that this Court erred when it denied Petitioner's motion for a change in counsel and the Fourth Circuit erred when it denied counsel's motion to withdraw as counsel. On May 12, 2009 the undersigned issued an Order denying and dismissing Petitioner Motion to Vacate (Doc. No. 2). On May 20, 2009 Petitioner filed a Notice of Appeal in the Fourth Circuit Court of Appeal. Petitioner's appeal is pending. By way of the instant motion, it appears that Petitioner is seeking release pending his appeal.

Petitioner makes his motion pursuant to 18 U.S.C. § 3143. However, that statute governs release of a defendant pending sentencing or appeal. This provision contemplates release while a defendant's case is on direct appeal from his criminal conviction. Petitioner's criminal case has been resolved and Petitioner collateral attack of his criminal case is a civil case which is not governed by

the Rules of Criminal Procedure. Therefore, the authority to which Petitioner has cited in support of his motion is not applicable. However, Federal Rule of Appellate Procedure 23 governs the issue of release of a state or federal prisoner who is collaterally attacking his criminal conviction. In the habeas context, release pending appeal is reserved for "extraordinary cases involving special circumstances or a high probability of success." Land v. Deeds, 878 F.2d 318 (9th Cir. 1989). A prisoner seeking release from custody under Rule 23 must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990) (quoting Aronson v. May, 85 S. Ct 3, 5 (1964)); see also, U.S. V. Perkins, 53 Fed. Appx. 667 (4th Cir. 2002). Showing that there is a substantial question is not enough. Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972). The test is the same for a case in which the district court has already reviewed and rejected petitioner's habeas petition. U.S. v. Mett, 41 F.3d 1281 (9th Cir. 1994).

Mr. Curbelo makes no attempt to argue any special or extraordinary circumstances and has not satisfied the high standard governing motions for release pending appeal. Therefore, Petitioner's Motion for Bail is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Motion for Bail is **DENIED** (Document No. 355 in criminal case 3:99cr109). The Clerk shall file this Order in both the criminal and civil case numbers.

**SO ORDERED**.

Signed: July 6, 2009

*Graham C. Mullen*
Graham C. Mullen
United States District Judge